UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

VILLANOVA-DELGADO, ET AL.,

Defendants.

Crim. No. 11-222 (JAF)

**O R D E R**

Pending before this court are several motions in this multi-defendant prosecution for production of child pornography, pursuant to 18 U.S.C. § 2251(a).

Defendant Félix Rodríguez-Acevedo brings a "Motion for Severance and Request for In Camera Viewing" ("First Motion for Severance"). (Docket No. 46.) In his First Motion for Severance, Defendant Rodríguez-Acevedo asks the court to sever his case from that of Defendant Félix Javier González-Morales. Defendants Rey Villanova-Delgado, Roberto Encarnación-Ruiz, and Zairo Ramos join this First Motion for Severance, asking that their cases also be severed from that of Defendant González-Morales. (Docket Nos. 49; 52; 61.) Defendant Encarnación-Ruiz also brings his own Motion for Severance ("Second Motion for Severance"), requesting that his case be severed from that of all other defendants and from all other counts. (Docket No. 58.) The Government opposes all of the above motions. (Docket No. 63.)

The Government brings a "Motion in Limine Regarding the Knowledge of Age of Victim and Consent of Victim Defenses" ("Motion in Limine"). (Docket No. 45.) In its Motion in

Criminal No. 11-222 (JAF) -2-

Limine, pursuant to Federal Rule of Criminal Procedure 12(b), the Government seeks an order prohibiting all Defendants "from arguing or presenting evidence (1) that the Defendants lacked knowledge of, or were mistaken about, the age of the minor victims, and (2) whether the minors consented to having their likeness captured while engaging in sexually explicit conduct," as defenses to the charges of production of child pornography, pursuant to 18 U.S.C. § 2251(a).[1] (Docket No. 45.) Defendant Encarnación-Ruiz responds. (Docket No. 59.)

## I.

## Motions to Sever

### A. First Motion for Severance

In their First Motion for Severance, Defendants Rodríguez-Acevedo, Villanova-Delgado, Roberto Encarnación-Ruiz, and Zairo Ramos ("Movants") argue that severance is appropriate because a joint trial will cause them undue prejudice. The main source of this prejudice, according to Movants, is a video of child pornography related to Count Six. (Docket No. 46 at 2.) Count Six charges Defendant González-Morales with possession of a video that depicts adult males sexually penetrating children. (Docket No. 27 at 5.)

Pursuant to the requests of both Defendants and the Government (Docket Nos. 46; 63), this court held an in-camera viewing of the video evidence in this case. (Docket No. 70.) While

---

[1] Count One charges Defendants Villanova-Delgado, Rodríguez-Acevedo, González-Morales, and Ramos with violating 18 U.S.C. §§ 2251(a) and 2; Count Two charges Defendants Villanova-Delgado and Rodríguez-Acevedo with violating 18 U.S.C. §§ 2251(a) and 2; Count Three charges Villanova-Delgado and Encarnación-Ruiz with violating 18 U.S.C. §§ 2251(a) and 2; Count Four charges Villanova-Delgado with violating 18 U.S.C. § 2251(a); Count Five charges Villanova-Delgado with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(b); and Count Six charges González-Morales with possession of child pornography, also in violation of 18 U.S.C. § 2252(a)(4)(b). (Docket No. 27.)

Criminal No. 11-222 (JAF)                                                                                          -3-

we find the video in Count Six more sexually graphic than the other videos, we do not think it requires severance. We see no "serious risk that joinder would compromise a specific trial right...or prevent a jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Absent such a showing, defendants who are charged in the same indictment should be tried together. Zafiro, 506 U.S. 534 at 539. A simple limiting instruction to the jury will be sufficient to avoid any undue prejudice to individual Movants. The jury will be instructed to consider the evidence individually, as to each count and each defendant. Nothing in this case suggests the jury will be unable to compartmentalize the evidence. See, e.g., United States v. Houle, 237 F.3d 71, 76 (1st Cir. 2001) (finding proper limiting instructions sufficient to help the jury compartmentalize evidence). The First Motion for Severance is hereby **DENIED**.

**B.     Second Motion for Severance**

We have also reviewed the video evidence related to Defendant Encarnación-Ruiz, who argues that his case should be severed from that of all other Defendants. (Docket No. 58.) In essence, Defendant Encarnación-Ruiz argues that his case should be severed because his alleged participation in the crimes charged was briefer and less "horrific" than that of his co-defendants. (Id.) We disagree. Both Encarnación-Ruiz and his co-defendants are accused of appearing in, and producing, pornographic videos with a 14-year-old victim, SMV. (Docket No. 27.) Any differences in the evidence presented against Encarnación-Ruiz and his co-defendants is insufficient to demand severance. (Docket Nos. 58; 70.) Again, we see no "serious risk that joinder would compromise a specific trial right...or prevent a jury from making a reliable

Criminal No. 11-222 (JAF)                                                                                          -4-

judgment about guilt or innocence." <u>Zafiro v. United States</u>, 506 U.S. 534, 539. Defendant Encarnación-Ruiz will be entitled to the same jury instruction to treat all evidence and defendants separately. The Second Motion for Severance is **DENIED**.

## II.

## Motion in Limine

In its Response to the Government's Motion in Limine, Defendant Encarnación-Ruiz concedes that "a defense based on the victim's consent" is not appropriate. (Docket No. 59 at 1.) We agree. Any mention of the victim's alleged predisposition to sexual activity is also barred by Federal Rule of Evidence 412(a)(2).

The remaining issue is whether "reasonable mistake of age" is a viable defense to charges under 18 U.S.C. § 2251(a). The First Circuit has not ruled on this question. Defendant Encarnación-Ruiz asks this court to adopt the rule announced in <u>United States v. U.S. District Court</u>, 858 F.2d 534, 540 (9th Cir. 1988), which held that "[t]he First Amendment requires a reasonable mistake of age defense to a charge of violation of statute prohibiting the production of materials depicting a minor engaged in sexually explicit conduct." (Docket No. 59 at 2 (quoting <u>U.S. Dist. Court</u>, 858 F.2d at 540)). We decline to adopt such a rule.

The overwhelming majority of circuits to consider the question have held that the First Amendment <u>does not</u> require a reasonable mistake of age defense to charges under § 2251(a). <u>See, e.g.</u>, <u>United States v. Humphrey</u>, 608 F.3d 955, 959 (6th Cir. 2010) (adopting the reasoning of a "majority of our sister circuits" that a reasonable mistake of age defense is not constitutionally required); <u>United States v. Malloy</u>, 568 F.3d 166, 176 (4th Cir. 2009) (finding

Criminal No. 11-222 (JAF)                                                                                                    -5-

that the government has a "significant" interest under § 2251(a) and that the statute does not substantially chill protected speech); <u>United States v. Wilson</u>, 565 F.3d 1059, 1069 (8th Cir. 2009) (noting that producers of child pornography have ample opportunity to verify the ages of the actors they employ).

Defendant Encarnación-Ruiz's arguments regarding 18 U.S.C. § 2243 are irrelevant to the instant case. (Docket No. 59 at 2-3.) Defendant Encarnación-Ruiz is being charged under 18 U.S.C. § 2251(a), not § 2243. Therefore, we reject Defendant Encarnación-Ruiz's arguments that § 2243 allows him to present a mistake of age defense.

## III.

## Conclusion

For the foregoing reasons, the Government's Motion in Limine (Docket No. 45) is **GRANTED**. Defendant will be prohibited from arguing or presenting evidence "(1) that the Defendants lacked knowledge of, or were mistaken about, the age of the minor victims, (2) that the victim(s) have any predisposition to sexual activity, and (3) that the victims consented to having their likeness captured while engaging in sexually explicit conduct." (Docket No. 67 at 12.) Defendants' First Motion for Severance and Second Motion for Severance are hereby **DENIED**. (Docket Nos. 46; 58.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of October, 2011.

                                         s/José Antonio Fusté
                                         JOSE ANTONIO FUSTE
                                         U.S. District Judge